JOHN AZEL v. MARIA A. BETZ, impleaded with WILLIAM BETZ.

One of two partners cannot maintain an action of replevin, or " claim and delivery," and recover from his partner, the exclusive possession of the stock in trade. (a)

A provision in the articles of copartnership that the partnership shall not commence till the partners have contributed equal means, may be waived by the parties; and if, after such agreement, and while the contributions are unequal, the partners unite in hiring a store, fitting it up, repairing it, and they buy goods, and commence selling from the stock in trade, they become in fact so jointly interested in the stock in trade that neither can maintain an action for the exclusive possession.

THE plaintiff, having been nonsuited on the trial of this cause, moved for a new trial. The motion was denied at special term, and the plaintiff appealed. The opinion states the facts.

*John Aitken*, for the plaintiff.

*Hiram Hunt*, for the defendant.

BY THE COURT. WOODRUFF, J.—The plaintiff herein has brought his action called " claim and delivery," as a substi-

---

(a) See *Koningsburg* v. *Launitz*, 1 E. D. Smith's C. P. R. 215.

tute for replevin *in the detinet*, to recover from William Betz and Maria Ann Betz certain merchandise, which constituted the stock in trade at the store No. 278 Nineteenth-street, in this city.

The defendants answered separately, each denying the plaintiff's property in the goods; each denying the wrongful detention; each averring that the property was theretofore the property of the plaintiff and William Betz, in common, as copartners in business, and averring a sale by the plaintiff to William Betz, and by him to his co-defendant, Maria Ann Betz, before suit brought.

It was conceded that William Betz has died since the issue herein was joined.

On the trial the plaintiff's witnesses, taking their evidence most strongly in the plaintiff's favor, proved, that in the latter part of December, 1851, or forepart of January, 1852, the plaintiff and William Betz agreed to go into business together. The plaintiff was to put in money, and the defendant, William Betz, was to put in as much as the plaintiff did, and that when Betz put in as much money as the plaintiff, the partnership should begin.

But without waiting for an actual contribution of the capital, they, in January, hired the store in Nineteenth-street, both uniting therein; then " got a carpenter to fix up the store." Lumber was purchased for that purpose by Betz, and " plaintiff and Betz got the things together." The plaintiff purchased goods and sent there. The plaintiff put in of money or goods about $300. Betz put in something. (His declaration, given in evidence by the plaintiff, was, that the amount was $75.) And one of plaintiff's witnesses says, they commenced business, *i. e.*, they opened the store, about the 19th of February, and they began to sell goods on that day. They were together engaged in fitting up the store till that time. They continued the business, according to one of the plaintiff's witnesses, some six or seven weeks. According to another, the plaintiff only remained there five or six weeks in all. Although the time is uncertain, and it seems probable

that one witness is mistaken in the day the store was opened, yet it sufficiently appears that they did commence business, opened the store, &c., and for some period, longer or shorter, sold goods.

A dispute then arose between them, on account of the deficiency of Betz's contribution to the capital, and the plaintiff proposed that Betz should pay him the amount he had contributed to the business, and he would leave the store, or he would pay Betz the money he had put into the business, and Betz should go out of it. Betz first said he would give the plaintiff back his money, but afterwards would do nothing; and afterwards there appears to have been some proposition by Betz to give to the plaintiff security for the repayment of the money contributed by him, and repeated calls by the plaintiff for the security.

The plaintiff proved, that before the commencement of the suit he went to the store and demanded the goods. That the defendants, William Betz and his sister, Maria Ann Betz, were both there, and William Betz told him he could not have the property, and both of the defendants ordered him to leave the store. And thereupon the plaintiff brought this action.

The plaintiff has mistaken his remedy. Assuming that the proof did not at all show that the plaintiff, Azel, had made an actual sale to Betz of his interest in the stock, &c., (which, upon the whole of the testimony, was by no means free from doubt,) he should have commenced an action for a dissolution of the copartnership, on the ground either that Betz had broken his agreement, by not contributing his due proportion of capital, or that his improper exclusion of the plaintiff from the store entitled the plaintiff to be freed from the agreement.

In such an action a receiver would have been appointed, and the plaintiff's interest fully protected.

It is unnecessary to cite authority to show that one partner cannot maintain replevin against the other for the recovery of the exclusive possession of the partnership property. Each

Azel *v.* Betz.

is entitled to possession, the one as much as the other, and the possession of either is the possession of both.

The plaintiff's counsel insists that the testimony did not show a partnership. And he relies upon that evidence which states that, " when Betz put in as much as Azel, the partnership should begin." This may have been one of the terms of the agreement, but if so, it was not acted upon. They put in unequal sums, and a store was hired, fitted up, goods purchased, the store opened and the business of selling commenced. It would seem that the sickness of Betz prevented his contributing his share so soon as he expected. It was competent for the parties, if they chose, to waive the literal performance of the agreement in this particular; and they did so, and commenced the joint trade.

But the plaintiff's counsel insists, that as William Betz is now dead, the plaintiff, even if there was a copartnership, is now entitled to the sole possession as survivor, and therefore he could maintain the action against the other defendant, Maria Ann Betz.

The plaintiff's difficulty is this :

*First,* He must recover in this action, if at all, upon the title he had when it was commenced, and he then had not any sole title as against William Betz. *Second.* If the defendant, Maria Ann Betz, has detained the property at all, against the plaintiff's demand, it was by acting with William Betz, in his lifetime, who was then lawfully in possession thereof, as owner in common with the plaintiff.

I cannot discover any ground upon which the action can be sustained, nor any disputed facts which, upon the plaintiff's own proofs, ought to be submitted to the jury.

The order appealed from should, therefore, be affirmed, with costs.

New trial denied.